UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SCOTTIE G. KILGORE #231210          )
                                     )
v.                                   )    NO. 2:04-CV-03
                                     )
ROGER HENSLEY, LT. LINDA             )
MINTHORNE, CHIEF BRENDA              )
DOWNES, CAPT. DON FINLEY             )

## MEMORANDUM and ORDER

Scottie G. Kilgore, a state prisoner housed in the Washington County Detention Center (WCDC), brings this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional confinement conditions. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1]

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the fee-increase.

> or
>
> > (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, to ensure compliance with the above fee-assessment procedures.

In his standardized complaint form and handwritten attachment, the plaintiff alleges multiple claims. In the first of these, he asserts that he was placed in a lock down cell for refusing to share a cell with one Timmy Peters, who would not bathe and had a bad case of skin lice (a condition, though common among the inmates at WCDC, goes untreated). His second claim is that he is being denied opportunities

---

[2] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

to further his education and to do his legal work. According to the plaintiff, he should have access to the law library at all times, rather than be forced to request legal materials and be allotted only 6 to 30 minutes to view the materials when they are brought to his pod, which, sometimes, occurs at 3:00 a. m. In the third claim, he finds fault with the facility's grievance procedure, as well as the system for filing medical and other request forms, because it does not provide inmates free access to such forms or a drop box in which to deposit completed forms.

In the fourth claim, the plaintiff maintains that the facility is overcrowded because it is designed to hold 48 inmates, but routinely holds 60 inmates in one pod. The fifth claim concerns a lack of proper medical screening for inmates who enter the WCDC, which presents a risk to the plaintiff since he might have contact those inmates and since they might have communicable diseases, such as HIV, Hepatitis, or the Flu. In the next claim, the plaintiff contends that the recreation yard is a 50-foot square and that, though there is a gymnasium, he is not permitted to use it. His final claim is that the time-keeper at the jail is incompetent; that, due to the time keeper's mistakes, many inmates have been held beyond their release date; and that he does not want this incompetent person to mess up his (the plaintiff's) own time. As redress from these alleged constitutional violations, the plaintiff seeks a court-ordered transfer to a state facility.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown* and noting the lack of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must administratively exhaust his claim as to each defendant associated with his claims. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). A district court must enforce the exhaustion requirement *sua sponte*. *Toombs, supra,* 139 F.3d at 1104.

The plaintiff asserts in paragraph II of his complaint that the WCDC has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because "they told me that I could not have a grievance, 'to shut up' or get more lockdown." In the relief section of the complaint, he maintains that "they do not give grievances out they will not even let

4

you have them. They say they don't give them out any more." The plaintiff does not identify the person(s) who denied his request for a grievance form, nor allege the date of his requests, nor any of the circumstances surrounding the requests. Nor does he contend that "there was no other source for obtaining a grievance form or that he made any other attempt to obtain a form or file a grievance without a form." *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). General allegations that he was denied a grievance are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

Accordingly, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
     SENIOR U. S. DISTRICT JUDGE